ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, February 3, 2020 5:40:41 PM
CASE NUMBER: 2020 CV 00621 Docket ID: 34286302
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | |
|---|---|
| **NORMAN YOUNG**<br>2614 McCall Street<br>Dayton, OH 45417<br><br>and<br><br>**AMANDA JONES**<br>5738 Hinckley Court<br>Huber Heights, OH 45424<br><br>      Plaintiffs,<br>vs.<br><br>**MARK EUGENE FLEISCHAUER**<br>16560 West Gate Avenue<br>Columbia City, IN 46725<br><br>and<br><br>**ASHLEY FURNITURE HOMESTORE**<br>c/o Wellsville Carpet Town, Inc.<br>P.O. Box 230<br>Weston Mills, NY 14788<br><br>and<br><br>**ERIE INSURANCE COMPANY**<br>100 Erie Insurance Place<br>Erie, PA 16530<br><br>and<br><br>**OHIO DEPARTMENT OF MEDICAID**<br>c/o Joseph M, McCandish<br>150 East Gay Street, 21st Floor<br>Columbus, Ohio 43215<br><br>      Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR PERSONAL INJURY W/JURY DEMAND ENDORSED HEREIN** |

Now come Plaintiffs NORMAN YOUNG and AMANDA JONES, (hereinafter referred to as "Plaintiffs"), by and through Counsel, to set forth the following averments as their Complaint for personal injury:

## PARTIES

1. Plaintiff Norman Young is a citizen of the State of Ohio, domiciled in the city of Dayton, Montgomery County, OH.

2. Plaintiff Amanda Jones, is a citizen of the State of Ohio, domiciled in the city of Huber Heights, Montgomery County, OH.

3. Defendant Mark Eugene Fleischauer is a citizen of the State of Indiana, domiciled in the City of Columbia, Whitley County, Indiana.

4. Defendant Ashley Furniture Homestore is a corporation duly incorporated under the laws of the State of Ohio, with its principal place of business and statutory agent listed as Wellsville Carpet Town, Inc., P.O. Box 230, Weston Mills, NY 14788.

## JURISDICTION AND VENUE

5. Plaintiffs' damages exceed the minimum jurisdictional limits of this court.

6. Any and all actions or inactions giving rise to the causes of action stated herein did occur in Montgomery County, OH, and there is not complete diversity of citizenship among the parties.

## COUNT I

7. Plaintiffs re-state and re-allege the preceding allegations of the Complaint and incorporate them as though fully rewritten herein.

8. That on or about October 18, 2018, Plaintiff Norman Young, a restrained driver, and Plaintiff Amanda Jones, a restrained passenger, (hereinafter referred to as "Plaintiffs) were lawfully stopped at a traffic light on SR 725, in the Township of Miami, Montgomery County, Ohio.

9. That at the time and place referred to above, in paragraph 8, an at all times relevant herein, Defendant Mark Eugene Fleischauer was the driver of a commercial vehicle also traveling on State Route 725.

10. That at the time and place referred to in paragraph 8, and at all times herein, Defendant Ashley Furniture Homestore owned the commercial vehicle, License Plate #48483X, VIN# 1XKYDP9X3HJ148329, operated by Defendant Mark Eugene Fleischauer.

11. That at the time and place referred to in paragraph 8, and at all times herein, Defendant Mark Eugene Fleischauer owed Plaintiff a duty to exercise reasonable and ordinary care for his safety in the operation of said commercial motor vehicle.

12. That notwithstanding the duty he owed to Plaintiffs, Defendant Mark Eugene Fleischauer breached that duty by committing one or more of the following acts or omissions:

    a. Carelessly and negligently failing to yield the right of way; or

    b. Carelessly and negligently failing to maintain a safe distance between motor vehicles on the roadway; or

    c. Carelessly and negligently failing to maintain control of his motor vehicle; or

    d. Carelessly and negligently operating his motor vehicle at an excessive rate of speed; or

    e. Carelessly and negligently failing to avoid a collision on the roadway; or

    f. Carelessly and negligently violating the Federal Motor Carrier Safety Regulations

13. That as a further direct and proximate result of one or more of the foregoing and negligent acts or omissions, Plaintiffs sustained serious and permanent personal injuries including:

    a. Serious bodily injury to Plaintiff Norman Young, including but not limited to, a severe neck, midback, lower back, and right shoulder pain, cervical, lumbar, neck concussion; sprains to the ligaments of his cervical spine; headaches; and muscle strain.

    b. Serious bodily injury to Plaintiff Amanda Jones, including but not limited to, ligament sprains; lumbar and cervical spine strains; whiplash.

    c. Great pain and suffering, both physical and emotional, the loss of ability to perform usual functions, and the injuries will continue to cause pain and suffering in the future; and

    d. Reasonable and necessary medical expenses for Plaintiff Norman Young, in the amount of $13,687.59, as well as further reasonable and necessary medical expenses to be incurred in the future;

e. Reasonable and necessary medical expenses for Plaintiff Amanda Jones, in the amount of $10,590.90, as well as further reasonable and necessary medical expenses to be incurred in the future.

f. Out of pocket expenses, and

g. Lost wages.

14. That at the time and place referred to in paragraph 8, and at all times relevant herein, Defendant Mark Eugene Fleischauer was an employee and/or agent of Defendant Ashley Furniture Homestore, and was acting in the course and within the scope of his authority of said employment and/or agency.

**WHEREFORE,** Plaintiffs demand judgment against Defendants Mark Eugene Fleischauer and Ashley Furniture Homestore, jointly and severally, for an amount in excess of $25,000.00 plus interest, attorney's fees and the costs of this action.

## COUNT II

15. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully rewritten herein.

16. Defendant Mark Eugene Fleischauer, while driving a motor vehicle, diverted his attention from the task of driving, to improperly use his handheld electronic wireless communications device to talk, write, send, or read a text-based communication, and in doing so created an unsafe danger to other drivers, including Plaintiffs.

17. Defendant Mark Eugene Fleischauer is liable for injuries and losses sustained by Plaintiffs, as a proximate result of his failure to pay full attention to the task of driving.

**WHEREFORE,** Plaintiffs demand judgment, as to Count II, against Defendant Mark Eugene Fleischauer for an amount in excess of $25,000.00 plus interest, attorney's fees and the costs of this action

## COUNT III

18. Plaintiffs re-state and re-allege the preceding allegations of the Complaint and incorporate them as though fully rewritten herein.

19. That on and before October 18, 2018, and that at all times relevant herein, Defendant Ashley Furniture Homestore owed Plaintiffs' a duty to exercise reasonable and ordinary care for safety in hiring, training, scheduling, supervision, and entrustment of its commercial motor vehicles.

20. That notwithstanding the duty that it owed to Plaintiffs, Defendant Ashley Furniture Homestore, by and through its employees and agents, breached that duty by permitting one or more of the following acts or omissions:

    a. Carelessly and negligently entrusting its commercial motor vehicle to an unqualified and unsafe driver; or

    b. Carelessly and negligently failing to provide adequate safety training to its drivers; or

    c. Carelessly and negligently dispatching its drivers at unsafe intervals.

21. That as a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions referred to above, the commercial motor vehicle operated by Defendant, Mark Eugene Fleischauer, suddenly and violently struck the motor vehicle occupied by Plaintiffs.

22. That as a further direct and proximate result of one or more of the foregoing careless and negligent acts or omissions referred to in paragraph 16 above, Plaintiffs sustained serious and permanent personal injuries causing them to endure great physical and emotional pain and suffering, further causing them to incur large monetary expense in seeking the medical cure, care and treatment for said injuries, further causing them to lose monetary gains from their employment, further causing them to become disabled and unable to attend to the ordinary affairs of their life.

**WHEREFORE**, Plaintiffs pray for judgment, as to Count III, against Defendant Ashely Furniture Homestore, for the damages naturally and proximately resulting from their negligence, for an amount in excess of $25,000, costs, interests and expenses.

## COUNT IV

23. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

24. ORC 4511.21 sets forth a statutory standard of care which requires that the operator of a motor vehicle on the highways of the State of Ohio "shall operate a vehicle at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."

25. ORC 4511.21provides no inclusive civil remedy for a violation of the standard of care set forth therein.

26. The Defendant, Mark Eugene Fleischauer, did violate the standard of care set forth in ORC 4511.21 on October 18, 2018 on SR 725, in the Township of Miami, Montgomery County, Ohio, by failing to operate his commercial vehicle in a careful manner with

regard for the safety and convenience of other vehicles upon the roadway, including that vehicle operated and occupied by the Plaintiffs.

27. The Plaintiffs are within the class of persons that ORC 4511.21 is intended to protect in that they occupied another vehicle upon on October 18, 2018 on SR 725, in the Township of Miami, Montgomery County, Ohio, when the Defendant was operating his motor vehicle upon the same roadway.

28. That the violation of ORC 4511.21 by the Defendant complained of herein was a substantial factor and/or the direct and proximate cause of serious physical injuries to the Plaintiffs. As a result of Defendants' negligence, Plaintiffs, have and will incur medical and hospital expenses; they have and will incur pain and suffering, both mental and physical; their power to labor and earn money has been damaged; and they have and will incur lost wages. Plaintiffs' injuries and conditions caused by the Defendants' negligence are permanent.

**WHEREFORE,** Plaintiffs demand judgment, as to Count IV, against Defendant Mark Eugene Fleischauer for an amount in excess of $25,000.00 plus interest, attorney's fees and the costs of this action

## COUNT V

29. Plaintiffs re-state and re-allege the preceding allegations of the Complaint as though fully rewritten herein.

30. The commercial motor vehicle owned and operated by Defendants Mark Eugene Fleischauer and Ashely Furniture Homestore on October 18, 2018 was a "commercial motor vehicle" as defined by applicable transportation safety regulations prescribed by the U.S. Department of Transportation and/or the Ohio Department of Transportation.

31. Defendants were required to operate said commercial motor vehicle within the traffic laws prescribed by Ohio Traffic Regulations.

32. On October 18, 2018, Defendants were required to operate said commercial motor vehicle in compliance with Part 390.9 and 390.11 of the Federal Motor Carrier Safety Regulations and/or Ohio Traffic Regulations.

33. On October 18, 2018, Defendants were required to operate said commercial motor vehicle in compliance with ORC 4511.21.

34. On October 18, 2018, Defendants were required to operate said commercial motor vehicle in compliance with ORC 4511.21.

35. As a direct result of Defendants' negligence, Plaintiffs suffered, serious injuries, extensive pain and suffering, both mental and physical.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants Mark Eugene Fleischauer and Ashely Furniture Homestore, jointly and severally, for the damages naturally and proximately resulting from their negligence, for an amount in excess of $25,000, costs, interests and expenses.

## COUNT VI

36. Plaintiffs re-state and re-allege the preceding allegations of the Complaint as though fully rewritten herein.

37. Defendants were negligent in failing to properly inspect, maintain, and repair the commercial truck driven involved in the collision in question.

38. As a direct result of Defendants' negligence in failing to inspect, maintain, and repair the commercial truck in question, Plaintiffs' suffered serious injuries, extensive pain and suffering, both mental and physical.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Mark Eugene Fleischauer and Ashely Furniture Homestore, jointly and severally, for the damages naturally and proximately resulting from their negligence, for an amount in excess of $25,000, costs, interests and expenses.

## COUNT VII

39. Plaintiffs incorporate each and every allegation contained in the preceding paragraphs as though fully rewritten herein.

40. Defendant Ohio Department of Medicaid has paid or will pay medical expenses on behalf of Plaintiffs Norman Young and Amanda Jones for injuries it claims are related to the subject matter of this Complaint.

41. Plaintiffs deny that Defendant Ohio Department of Medicaid is entitled to be reimbursed or is subrogated to the rights of the Plaintiff for monies paid for medical expenses related to this subject lawsuit.

**WHEREFORE,** Plaintiffs request, as to Count Four, against Defendant the Ohio Department of Medicaid, the Court determine if and to what extent Defendant is entitled to recover medical benefits paid.

## COUNT VIII

42. Plaintiffs re-allege all allegations in the preceding paragraphs as if rewritten herein and state Defendant Erie Insurance Company is the UM/UIM carrier for Plaintiffs.

43. Plaintiffs bring this action for uninsured/underinsured (hereinafter "UM/UIM") motorist coverage, as well as Medical Payments coverage pursuant to any applicable insurance policy as well as section 2721.02 through 2721.15, inclusive, of the Ohio Revised Code.

44. Defendant Erie Insurance Company is duly authorized to engage in the business of insurance within the State of Ohio, including the writing of automobile liability policies.

45. Defendant Erie Insurance Company is the insurer of Plaintiffs and provides medical payment coverage, UM/UIM coverage to Plaintiffs.

46. Plaintiffs have or may exhaust all liability coverage and is seeking benefits under their underinsured motorists' coverage.

**WHEREFORE**, Plaintiffs pray for judgment, as to Count Three, against Defendant Progressive Insurance Company in accordance with the terms and conditions of the subject policies of insurance, and any damages they may be entitled to under Ohio law or any other law this Court deems applicable.

Respectfully submitted,

/s/ Robert L. Gresham
Michael L. Wright, #0067698
Robert L. Gresham, #0082151
Kesha Q. Brooks, #0095424
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
(937) 222-7477
(937) 222-7911      FAX
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
kbrooks@yourohiolegalhelp.com
*Attorneys for Plaintiffs, Norman Young and Amanda Jones*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Robert L. Gresham
Michael L. Wright, Esq.
Robert L. Gresham, Esq.
Kesha Q. Brooks, Esq.
*Attorneys for Plaintiffs, Norman Young and Amanda Jones*